IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,298-01




 

EX PARTE STANLEY WAYNE KIRKPATRICK, Applicant


 




ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2004-474-C2 IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to two years' imprisonment. 

 Applicant contends that he was denied his right to an appeal because counsel did not file a
brief or did not notify Applicant that he was withdrawing from his case. On September 16, 2009, we
remanded this application to the trial court for findings of fact and conclusions of law. In our remand
order, we specifically directed the trial court to order counsel to file an affidavit in response to
Applicant's claim. On November 6th, we received the trial court's findings of fact and conclusions
of law. The trial court, however, did not order counsel to file an affidavit. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and if the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 After obtaining an affidavit from counsel, the trial court shall make findings of fact as to
whether Applicant was denied his right to an appeal. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition, along with the trial court's supplemental findings
of fact and conclusions of law, shall be received by this Court by December 7, 2009. 

 No extensions of time shall be granted. 

 IT IS SO ORDERED THIS THE 23RD DAY OF NOVEMBER, 2009.


DO NOT PUBLISH